**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
THIRD CIRCUIT
_____

No. 15-1433
_____

FILOMENA RANIERA WARD, MICHELLE McCANDLESS, GERMAN PARODI,
DAVID WITTIE, RANDY ALEXANDER, CAROL MARFISI, individually and on
behalf of similarly situated persons, DISABLED IN ACTION, a nonprofit corporation


v.


PHILADELPHIA PARKING AUTHORITY, and VINCE FENERTY, in his official
capacity as the Executive Director of the Philadelphia Parking Authority, and TAXICAB
AND LIMOUSINE DIVIDION of the PHILADELPHIA PARKING AUTHORITY, and,
JIM NEY, in his official capacity as the Director of the Taxicab and Limousine Division
of the Philadelphia Parking Authority,

Appellants
_____


Appeal from the United States District Court for the Eastern District Of Pennsylvania
(District Court No. 2-11-cv-04692)
District Judge: Honorable Magistrate Judge Lynne A. Sitarski
_____

Argued Nov. 3, 2015
_____

BEFORE: McKEE, *Chief Judge*, JORDAN, and VANASKIE, *Circuit Judges*.

(Filed:  December 8, 2015)

Michael P. Meehan, Esq. **[ARGUED]**
Casey A. Coyle, Esq.
Eckert Seamans Cherin & Mellott
Two South 16th Street, 22nd Floor
Philadelphia, PA 19102

Dennis G. Weldon, Jr., Esq.
Bryan L. Heulitt, Jr., Esq.
The Philadelphia Parking Authority
701 Market Street, Suite 5400
Philadelphia, PA 19106

*Counsel for Appellant*

Stephen F. Gold **[ARGUED]**
1709 Benjamin Franklin Parkway, 2nd Floor
Philadelphia, PA 19103

Julie Foster
Public Interest Law Center of Philadelphia
1709 Benjamin Franklin Parkway
United Way Building, 2nd Floor
Philadelphia, PA 19103

*Counsel for Appellees*

_____

OPINION[*]
_____

McKEE, *Chief Judge*.

Appellants Philadelphia Parking Authority, Vince Fenerty, and Jim Ney appeal the district court's order granting in part, and denying in part, appellees Filomena Ward, Michelle McCandless, German Parodi, David Wittie, Randy Alexander, Carol Marfisi, and Disabled in Action's Motion for an Award of Attorneys' Fees. We will affirm the district court's order in its entirety.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

## I.

Because we write for the parties who are already familiar with the facts and procedural history, we set forth only those facts necessary to our conclusion. The Parking Authority appeals the district court's award of attorneys' fees, arguing that it is exempt from the fee shifting provisions of the Americans with Disabilities Act (ADA) and Rehabilitation Act and, accordingly, cannot be held liable for attorneys' fees under those statutes. The Authority further argues that even if those fee shifting provisions apply, the plaintiffs are not prevailing parties and are therefore not entitled to attorneys' fees. Finally, the Authority contends that even if attorneys' fees may otherwise be appropriate, there are special circumstances here that render an award of fees unjust. The Parking Authority does not contest the size of the fee award.

The district court's January 20, 2015, order granting, in part, the plaintiffs' Motion for Attorneys' Fees constitutes a final order. Accordingly, we have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291. The issue of attorneys' fees presents a purely legal question, and therefore our review is *de novo*.[1] We do not disturb the district court's findings of fact unless they are clearly erroneous.[2]

## II.

## A.

---

[1] *See Truesdell v. Phila. Hous. Auth.*, 290 F.3d 159, 163 (3d Cir. 2002).
[2] *See Rode v. Dellarciprete*, 892 F.2d 1177, 1182-83 (3d Cir. 1990).

Parties are ordinarily responsible for their own attorneys' fees.[3] Thus, there is "a general practice of not awarding fees to a prevailing party absent explicit statutory authority."[4] Congress has, however, unambiguously authorized the award of attorneys' fees to a "prevailing party" in any action commenced under certain statutes including the ADA[5] and the Rehabilitation Act.[6]

To obtain an award of attorneys' fees under the ADA, a plaintiff must show she has "prevailed." The Supreme Court has given "generous formulation" to the term "prevailing party" to reduce the financial burden on those seeking to vindicate important public interests that might otherwise be without an advocate.[7] Therefore, "plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit."[8] In *Texas State Teachers Association v. Garland Independent School District*, the Supreme Court defined this standard as follows: "[T]o be considered a prevailing party . . . the plaintiff must be able to point to a resolution of the dispute which *changes the legal relationship* between itself and the defendant. . . . The touchstone of the

---

[3] *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975).

[4] *Key Tronic Corp. v. United States*, 511 U.S. 809, 819 (1994).

[5] 42 U.S.C. § 12205 ("In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual.").

[6] 29 U.S.C. § 794a(b) ("In any action or proceeding to enforce or charge a violation of a provision of this subchapter, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.").

[7] *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

[8] *Id.* (internal quotations omitted); *see Truesdell v. Phila. Hous. Auth.*, 290 F.3d 159, 163 (3d Cir. 2002).

4

prevailing party inquiry must be the *material alteration of the legal relationship of the parties . . . .*"[9] The Court has further determined that, to be considered prevailing, a plaintiff "must obtain [either] an enforceable judgment against the defendant from whom fees are sought, or comparable relief through a consent decree or settlement, . . . [and] [w]hatever relief the plaintiff secures must directly benefit him at the time of the judgment or settlement."[10]

The Supreme Court has clarified that "[a]lthough a consent decree does not always include an admission of liability by the defendant, it nonetheless is a court-ordered 'chang[e] [in] the legal relationship between [the plaintiff] and the defendant.'"[11] Thus, where there is a consent decree, "[t]he fact that respondent prevailed through a settlement rather than through litigation does not weaken [the respondent's] claim to fees."[12] Court-ordered consent decrees, therefore, can give rise to the necessary material alteration in the legal relationship of the parties.[13]

Here, as the district court held, the plaintiffs prevailed. The Consent Decree provided them with a significant portion of the relief they sought through their complaint. Under the Consent Decree, the Parking Authority must issue all 150 medallions provided for by Act 119 to wheelchair accessible vehicles. Prior to the Decree, the Parking

---

[9] 489 U.S. 782, 792-93 (1989) (emphasis added).

[10] *Farrar v. Hobby*, 506 U.S. 103, 111 (1992) (internal citations omitted); *see Truesdell*, 290 F.3d at 163-64.

[11] *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001) (alteration in original) (internal citation omitted) (quoting *Garland*, 489 U.S. at 792).

[12] *Maher v. Gagne*, 448 U.S. 122, 129 (1980).

[13] *Buckhannon*, 532 U.S. at 604; *Truesdell*, 290 F.3d at 164.

Authority was only required to issue fifteen of those medallions to wheelchair accessible vehicles. Based on the Consent Decree, the Parking Authority has already sold more than 15 of the 150 medallions to wheelchair accessible vehicles.[14]

The Consent Decree also requires the Parking Authority to post wheelchair accessible taxicab notices at the Philadelphia International Airport and 30th Street train station as well as advertise the service on its website. Wheelchair users can now request wheelchair accessible taxicabs from a dedicated dispatcher. Finally, the Parking Authority agreed to help further a policy whereby wheelchair accessible taxicabs are moved to the front of the cab-stand line to serve patrons using a wheelchair.

This relief provides the plaintiffs with much of the principal benefit they sought through their lawsuit: an increase in the number of wheelchair accessible taxicabs. Although the plaintiffs have not received all of their requested relief, the Supreme Court,[15] as well as our own,[16] has stated that complete satisfaction is not a prerequisite to an award of attorneys' fees. Even where a plaintiff "asked for a bundle and got a pittance," that "pittance is enough to render him a prevailing party."[17] The plaintiffs here have secured much more than a pittance for the disabled community of Philadelphia.

---

[14] *WAV Medallion Sale Winning Bids*, PHILA. PARKING AUTH., *available at* www.philapark.org/taxis-limos.

[15] *Farrar v. Hobby*, 506 U.S. 103, 120 (1992).

[16] *Institutionalized Juveniles v. Sec'y of Pub. Welfare*, 758 F.2d 897, 912 (3d Cir. 1985) (plaintiffs can be prevailing parties "even though the relief they obtained is not identical to the relief they specifically demanded, as long as the relief obtained is of the same general type").

[17] *Farrar*, 506 U.S. at 120.

This Consent Decree also materially altered the legal relationship of the parties. Court-ordered and judicially enforceable, the Consent Decree goes much further than Act 119. Furthermore, this material alteration—improved mobility for wheelchair bound-citizens—is exactly the type Congress sought to promote through the ADA and Rehabilitation Act.[18] The ADA seeks to provide individuals with disabilities "equality of opportunity, full participation, [and] independent living."[19] By increasing the number of wheelchair accessible taxicabs in Philadelphia as well as the ease with which they can be called, the plaintiffs meaningfully improved the disabled community's freedom of movement and independence.

## B.

The fee shifting provisions of the ADA and Rehabilitation Act apply to this matter even though the district court never reached the merits of the plaintiffs' claims under these statutes. The Parking Authority contends that it does not owe attorneys' fees because it is not liable under the statutes giving rise to such fees, *i.e.*, the ADA and Rehabilitation Act. To support its contention of non-liability under these statutes, the Parking Authority relies on the Second Circuit's recent decision in *Noel v. New York City Taxi and Limousine Commission*.[20] In *Noel*, the Second Circuit held that the New York

---

[18] *See Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792-93 (1989) ("The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute.").

[19] 42 U.S.C. § 12101(a) (7).

[20] 687 F.3d 63 (2d Cir. 2012). The Parking Authority also relied on this case law to support the same contention before the district court.

City counterpart to the Philadelphia Parking Authority—the Taxi and Limousine Commission—was not liable under Part A of Title II of the ADA.[21]

But the Parking Authority's argument misses the point. Although the Second Circuit's decision may well have been persuasive if we had to reach the merits of the plaintiffs' ADA and Rehabilitation Act claims, this out-of-circuit case law neither prohibits the plaintiffs from commencing their own suit under the ADA nor forecloses an award of attorneys' fees. Indeed, the Parking Authority's argument ignores both the plain language of the ADA and Rehabilitation Act's fee shifting provisions as well as relevant Supreme Court precedent. First, the statutory language of both laws explains that their fee shifting provisions apply so long as the action was "commenced pursuant to" or "brought to enforce or charge a violation" of the ADA or Rehabilitation Act, respectively.[22]

Moreover, the Supreme Court has repeatedly explained that plaintiffs need not prevail on the merits of their claims under the fee shifting statute to recover attorneys' fees.[23] "Nothing . . . conditions the District Court's power to award fees on full litigation of the issues or on a judicial determination that the plaintiff's rights have been violated."[24]

This Court has recognized that a plaintiff may obtain attorneys' fees even when a defendant provides the plaintiff relief the defendant is not legally obligated to offer. In

---

[21] *Id.* at 74.

[22] 42 U.S.C. § 12205 (ADA); 29 U.S.C. § 794a(b) (Rehabilitation Act).

[23] *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001); *Maher v. Gagne*, 448 U.S. 122, 129 (1980).

[24] *Maher*, 448 U.S. at 129.

8

*Disabled in Action of Pennsylvania v. Pierce*,[25] for instance, Disabled in Action sued the

U.S. Department of Housing and Urban Development to prevent the agency from moving

its office space into a handicap inaccessible building. The two parties eventually entered

into a settlement under which the government agreed to provide handicapped access at

the building's main entrance. Disabled in Action then moved for attorneys' fees. In

response, the government argued that no fee should be awarded because the settlement

agreement provided Disabled in Action with relief the organization was not "legally

entitled to obtain,"[26] and therefore this relief was "gratuitous."[27] We rejected that

argument: "[T]he lawsuit caused the government to provide access for the handicapped at

the building's main entrance and to make other services and facilities accessible to the

handicapped."[28]

If we accepted the Parking Authority's argument that the plaintiffs cannot recover

attorneys' fees until they prove the defendant's liability under the statute giving rise to

fee shifting, we would promote exactly the type of litigation the Supreme Court has

directed courts to avoid. The Supreme Court has stated "[a] request for attorney's fees

should not result in a second major litigation."[29] Accordingly, the Court has instructed

courts to avoid interpretations of the fee shifting statutes that would "spawn a second

---

[25] 789 F.2d 1016 (3d Cir. 1986).
[26] *Id.* at 1020.
[27] *Id.*
[28] *Id.*
[29] *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *see Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 609 (2001) (quoting *Hensley*, 461 U.S. at 437).

litigation of significant dimension."[30] The Parking Authority's contention that it should not have to pay attorneys' fees until it is found liable under the ADA and Rehabilitation Act invites a second major litigation that the Supreme Court warned against. Accordingly, the Authority's arguments run contrary to Supreme Court precedent. We affirm the district court's holding that the plaintiffs need not prove the defendants' liability under the fee shifting statutes to recover attorneys' fees.

Finally, leaving aside the language of the ADA and Rehabilitation Act as well as the relevant Supreme Court precedent, we note that the Second Circuit's ruling in *Noel* does not preclude our Court from reaching a different conclusion on the merits of the plaintiffs' statutory claims. Had the district court reached the substance of the plaintiffs' ADA and Rehabilitation Act claims, we would have addressed whether the Parking Authority is liable under these statutes as a matter of first impression and possibly reached a conclusion that was contrary to *Noel*. Indeed, The Philadelphia Parking Authority may well be different from that of New York in ways important to the plaintiffs' suit. Therefore, the Second Circuit's ruling in *Noel* does not "exempt" the Parking Authority from liability under the ADA and Rehabilitation Act in this circuit or others. This analysis, however, is irrelevant to the question of attorneys' fees since a plaintiff does not need to prove the defendant's liability to recover such fees.

C.

---

[30] *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791 (1989)); *see Buckhannon*, 532 U.S. at 609 (quoting *Garland*, 489 U.S. at 791).

In a final attempt to avoid paying attorneys' fees, the Parking Authority argues that even if the plaintiffs have prevailed, special circumstances counsel against an award of fees. Under a fee shifting statute like the ADA, a "prevailing party" should ordinarily recover its attorneys' fees and costs absent "special circumstances."[31] Yet, a finding of such special circumstances is very rare, and the Supreme Court has offered little guidance as to what situations qualify.[32] The Supreme Court has indicated that special circumstances apply when "it is clear that the reasonable fee is no fee at all."[33] For example, in *Farrar v. Hobby*,[34] the Supreme Court found that where a plaintiff only recovered one dollar in nominal damages, special circumstances counseled against an award of fees.

The District Court was well within its discretion to conclude that no such circumstances exist here. The Parking Authority also urges this court to take equitable considerations into account, crediting its efforts to lobby the Pennsylvanian legislature for wheelchair accessible taxicabs. To support this proposition, the Parking Authority cites a long string of district court opinions. However, as the Parking Authority itself concedes,

---

[31] *Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 402 (1968) (*per curiam*); *Morris v. Nationalist Movement*, 273 F.3d 527, 535 (3d Cir. 2001).

[32] *See Farrar v. Hobby*, 506 U.S. 103, 118 (1992) (O'Connor, J., concurring) ("We have explained that even the prevailing plaintiff may be denied fees if 'special circumstances would render [the] award unjust.'" (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983))).

[33] *Id.* at 118 (O'Connor, J., concurring) ("After all, where *the only* reasonable fee is no fee, an award of fees would be unjust; conversely, where a fee award would be unjust, the reasonable fee is no fee at all.").

[34] 506 U.S. 103 (1992).

all of these district court opinions involve the Equal Access to Justice Act (EAJA),[35] which directs courts to apply traditional equitable principles when ruling on motions for attorneys' fees.[36] None of these decisions interpret the ADA or Rehabilitation Act.

The Parking Authority's reliance on EAJA case law is misguided: the EAJA only applies to claims against the United States.[37] In fact, we have explicitly rejected the application of EAJA standards to claims for attorneys' fees under the ADA and Rehabilitation Act. In *Disabled in Action v. Pierce*,[38] the defendant attempted to borrow an EAJA rule to argue that the plaintiff was not entitled to fees in a Rehabilitation Act suit. We responded as follows: "[w]e decline the government's invitation to rewrite section 505(b) [of the Rehabilitation Act] by inserting in it the Equal Access to Justice Act standard. Thus we find the government's reliance on . . . an Equal Access to Justice Act case[] to be misplaced."[39] We again decline the Parking Authority's invitation to import an EAJA standard into the ADA and Rehabilitation Act and instead affirm the district court's holding that no special circumstances exist here.

III.

---

[35] 28 U.S.C. § 2412 *et seq.*

[36] *See* 28 U.S.C. § 2412(d); *Burt v. Asche*, No. 08-1427, 2011 WL 1325607, at *4 (E.D. Pa. Apr. 7, 2011) (quoting *United States v. 27.09 Acres of Land*, 43 F.3d 769, 772 (2d Cir. 1994) (quoting *Oguachuba v. I.N.S.*, 706 F.2d 93, 98 (2d Cir.1983))).

[37] 28 U.S.C. § 2412(b).

[38] 789 F.2d 1016, 1020 (3d Cir. 1986).

[39] *Id.*

In sum, we find that the plaintiffs have prevailed, they need not prove the Parking Authority's liability under the fee shifting statutes, and no special circumstances counsel against an award of fees in this case. We will therefore affirm the district court's opinion in its entirety.